| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY STATE OF COLORADO**<br>270 South Tejon<br>Colorado Springs, CO 80903<br><br>**GARDEN RANCH SHOPPETTE LLC, a Colorado limited liability company,**<br><br>   Plaintiff,<br><br>v.<br><br>**OHIO SECURITY INSURANCE COMPANY, a New Hampshire corporation,**<br><br>   Defendant. | DATE FILED: July 20, 2021 4:11 PM<br>FILING ID: 33207ECA1817B<br>CASE NUMBER: 2021CV31126<br><br><br><br>^COURT USE ONLY^ |
| *Attorneys for Plaintiff*:<br>Rodney J. Monheit, No. 48919<br>Katherine E. Goodrich, No. 48853<br>MoGo LLC<br>600 17th St., Ste. 2800 South<br>Denver, CO 80202<br>Tel: 303.357.1317<br>rodney@mogollc.com<br>katie@mogollc.com | **Case No:**<br><br>**Div.** |

## COMPLAINT AND JURY DEMAND

COMES NOW Garden Ranch Shoppette LLC ("Plaintiff"), by and through its attorneys, MoGo LLC, and alleges and avers as follows for its Complaint:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company organized under the laws of Colorado.

2. Ohio Security Insurance Company ("Defendant") is an insurance company domiciled in the State of New Hampshire.

3. Defendant is authorized to conduct the business of insurance in the State of Colorado, and at all relevant times hereto conducted the business of insurance in Colorado.

4. Defendant issued to Plaintiff an insurance policy, No. BKS557297216 (the "Policy") covering a commercial property located at 5905 Corporate Drive, Colorado Springs, CO 80919-1941 (the "Property").

5. The Policy was entered into in Colorado, and the events described in this Complaint occurred in Colorado.

6. This Court has subject matter jurisdiction over all claims asserted herein.

7. This Court has personal jurisdiction over Defendant under C.R.S. § 13-1-124(1)(d).

8. Venue is proper in this judicial district pursuant to C.R.C.P. 98(c), which Plaintiff designates as the place of trial.

**FACTUAL ALLEGATIONS**

9. Plaintiff incorporates by reference the above allegations.

10. On July 20, 2019, a hail storm damaged the Property.

11. Hail is a covered peril under the Policy.

12. Plaintiff retained Insurance Adjusters Group LLC ("IAG") to act as its public adjuster.

13. Defendant retained Haag Engineering Co. ("Haag") to inspect the Property for wind and hail damage.

14. Haag representative Matthew Sitzmann inspected the Property on August 12, 2020, and observed hail-related damage and spatter marks.

15. Haag concluded that the mod-bit membrane of the roof at the Property was damaged by hail, but decided that the damage was from a storm before 2014.

16. Defendant determined that removal and replacement of the turtle vent at the Property was covered under the Policy, and, on or about September 2, 2020, issued a repair estimate that totaled $497.76.

17. Defendant's initial repair estimate was insufficient to restore the Property to its pre-loss condition.

18. On or about January 14, 2021, Defendant received a letter from IAG outlining disagreements with the Haag report.

19. On or about January 22, 2021, Matthew J .Sitzmann, P.E., authored a report on behalf of Haag that concluded images attached to the IAG letter did not demonstrate hail damage.

20. IAG demonstrated that hail from the July 20, 2019 weather event caused damage to the Property.

21. In the preface to Haag's report, Mr. Sitzmann states: "Haag Engineering Co. and its agents and employees do not have and do disclaim any contractual relationship with, or duty or obligation to, any party other than the addressee of this report."

22. Defendant has a duty to adjust the claim fairly and without placing its own interests above those of Plaintiff.

23. Even though Haag expressly disclaimed any such duties owed to Plaintiff, Defendant relied on the Haag report in making its claim decision.

24. On or about February 4, 2021, Defendant issued a revised estimate that included re-staining the log siding at the Property, for a total revised estimate of $2,478.52.

25. Defendant's revised estimate is insufficient to restore the Property to its pre-loss condition.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract — Specific Performance)

26. Plaintiff incorporates by reference the above allegations.

27. The Policy is a valid and binding contract.

28. Plaintiff performed its obligations under the Policy or such obligations were waived by Defendant.

29. The Policy contains the following appraisal provision:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

> If there is an appraisal, we will still retain our right to deny the claim.

30. The parties disagree on the amount of loss stemming from the July 20, 2019 hail storm.

31. On or about July 14, 2021, Plaintiff, through its public adjuster, sent a written demand for an appraisal to Defendant.

32. On July 20, 2021, Defendant confirmed its receipt of Plaintiff's appraisal demand, but did not agree to proceed with an appraisal.

33. WHEREFORE, Plaintiff seeks specific performance from Defendant to enter into appraisal in accordance with the terms of the Policy and a stay in this proceeding until completion of the appraisal process.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract — Damages)

34. Plaintiff incorporates by reference the above allegations.

35. The Policy is a valid and binding contract.

36. Plaintiff performed its obligations and conditions under the Policy or such obligations and conditions were waived.

37. Defendant failed to perform its obligation to pay the replacement cost value of the hail damage to the Property in accordance with the terms of the Policy.

38. As a direct and proximate result of Defendant's failure to perform under the terms of the Policy, Plaintiff is entitled to damages to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 & Relief Under C.R.S. § 10-3-1116)

39. Plaintiff incorporates by reference the above allegations.

40. Sections 10-3-1115(1) and (2), C.R.S., forbid insurers like Defendant from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant.

41. Plaintiff is a first-party claimant as that term is defined in C.R.S. § 10-3-1115(1)(b).

42. Defendant is an entity engaged in the business of insurance.

43. Defendant delayed and denied authorizing payment of covered insurance benefits owed to Plaintiff and did so without a reasonable basis within the meaning of C.R.S. § 10-3-1115(2).

44. In making a claim decision, an objectively reasonable insurance company in Defendant's position would not have relied on a report authored by an individual who expressly disclaims the existence of a duty owed to its insured.

45. Section 10-3-1116(1), C.R.S., provides that a first-party claimant whose claim has been unreasonably delayed or denied may bring an action to recover reasonable attorneys' fees, court costs and two times the covered benefit.

WHEREFORE, Garden Ranch Shoppette LLC respectfully requests the Court enter judgment in its favor on all claims and award damages:

    a. For all covered benefits owed under the Policy;

  b. For attorney fees, court costs and two times the covered benefit, as permitted under C.R.S. § 10-3-1116(1);

  c. For pre- and post-judgment interest, as permitted by law; and

  d. For such other and further relief as this Court deems just and proper.

**Plaintiff demands a jury on all issues so triable.**

Respectfully submitted this 20th day of July, 2021,

*s/ Rodney J. Monheit*
Rodney J. Monheit
Katherine E. Goodrich